UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOEL BAKER,<br><br>           Plaintiff,<br><br>     v.<br><br>CLERK, BOARD OF SUPERVISORS, et al.,<br><br>           Defendants. | Case No. 16-cv-04693-LB<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF Nos. 1, 5] |

## INTRODUCTION

This case is before the court for a *sua sponte* screening under 28 U.S.C. § 1915(e)(2). The court recently granted the *pro se* plaintiff's request to proceed *in forma pauperis*. (ECF No. 7.) The plaintiff has consented to magistrate jurisdiction. (ECF No. 6.) Under Rule 8 of the Federal Rules of Civil Procedure, the court dismisses the complaint (ECF Nos. 1, 5) without prejudice. The plaintiff may amend his complaint to clarify his claims and allegations. He must amend his complaint, if he chooses to do so, by October 7, 2016.

ORDER - 3:16-cv-4693-LB

# ANALYSIS

## 1. Screening — 28 U.S.C. § 1915(e)(2)

The federal *in forma pauperis* statute (28 U.S.C. § 1915) provides that the court shall dismiss a case if, at any time, it determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint. *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)). As the United States Supreme Court has explained, "[the *in forma pauperis* statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

## 2. The Plaintiff's Complaint

The plaintiff has filed two initial documents, and it is not entirely clear which is meant to be the pleading that captures the plaintiff's claims and inaugurates this suit. The first pleading (ECF No. 1) is nominally the complaint, though it is only a request for judicial notice. It does not lay out factual allegations or legal claims. *See id.* The second document (ECF No. 5) is styled a "petition for mandamus." This petition does set out factual allegations and suggest legal theories. For present purposes, and to give the plaintiff the benefit of a liberal reading, the court will read these documents together as the intended complaint. That said, the following discussion refers mainly to the petition (ECF No. 5) because, again, that is where the plaintiff sets out factual allegations and at least one legal claim.

ORDER - 3:16-cv-4693-LB

1   That petition is long and detailed, but it is not a model of clarity. The plaintiff's grievance
2   seems to center on two foreclosed property-tax liens. And a related eviction. He seems to be
3   stating at least a 14th Amendment due-process claim. He has not provided a service address for
4   the defendants. Beyond that, it is difficult say much with certainty.

   The petition does not clearly express the plaintiff's claims and the facts giving rise to those
claims. "A pleading that states a claim for relief must contain . . . a short and plain statement
showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(1). Directness and clarity
are mandatory: "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[A]
complaint must give fair notice" of the alleged wrong "and state the elements of the claim plainly
and succinctly." *Pickard v. WMC Mortgage Corp.*, 2009 WL 3416134, *3 (E.D. Cal. Oct. 21,
2009) (citing *Jones v. Cmty. Redev. Agency,* 733 F.2d 646, 649 (9th Cir. 1984)).

   Pleadings may thus be dismissed, not only for saying too little, but also for saying too much —
though what is objectionable in excessively wordy material is not the length or wordiness itself,
but the resulting lack of clarity. *See, e.g., McHenry v. Renne,* 84 F.3d 1172, 1177-78 (9th Cir.
1996)*; Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1131-32 (9th Cir. 2008) . The
Ninth Circuit has explained: "Something labeled a complaint but written . . . prolix in evidentiary
detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what
wrongs, fails to perform the essential functions of a complaint." *McHenry,* 84 F.3d at 1179.

   The petition in this case is "verbose, confusing and almost entirely conclusory"; by
proliferating facts and charges without plainly stating what the claim is, and what facts support
which claims, the petition has "disguised," rather than conveyed, the "true substance" of the
plaintiff's grievance. *See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir.
1981) ("verbose . . . conclusory"); *Hearns*, 530 F.3d at 1131 ("disguised," "substance").

   The plaintiff must be careful in restating his complaint, should he choose to do so. He must
write concisely and to the point. Yet he must state facts sufficient to establish all the required
elements of a given claim. He must say enough to show that his claim is "plausible" on its face.
*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

1  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
2  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
3  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to
4  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and
5  a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be
6  enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal
7  citations and parentheticals omitted).

8  Complaints are not stream-of-consciousness records of every last detail surrounding an event.
9  Claims for relief must plainly say: (1) *What claim?*; (2) *Why is this claim valid — that is, what*
10 *facts support this claim?*; and (3) *Against whom is this claim brought?* Like all litigants, the
11 plaintiff must steer a course between saying too little — and saying so much, and in such a way,
12 that he hides rather than expresses his claim.[1]

13                                              *  *  *

---

[1] On September 6, the plaintiff, Mr. Baker, filed a letter suggesting that there had been a mix-up in his previous filings. (ECF No. 8.) He first expresses concern that his mandamus petition was not filed in a way that called "for a response" from the defendant. But, as a pleading that starts a lawsuit, and sets out a claim for relief, his initial (the court will call it) complaint inherently calls for a response by the adverse party. *See, e.g.,* Fed. R. Civ. P. 12(a)(1)(A). Next, Mr. Baker states that his filing of August 19th did not make it onto the docket. It did. (*See* ECF No. 5.) That document is the primary object of this analysis. Finally, Mr. Baker's letter submits a "new (changed) first page of the mandamus filing of August 19, 2016." (ECF No. 8 at 1.) This is the same first page that appears in ECF No. 5. *Compare* (ECF No. 5 at 1) *with* (ECF No. 8 at 2). The court had this page before it when it reviewed Mr. Baker's filings. Finally, given the court's disposition of Mr. Baker's claim (or perhaps claims), as pleaded in ECF Nos. 1 and 5, his request to "re-do" these pleadings is moot.

ORDER - 3:16-cv-4693-LB

**CONCLUSION**

The plaintiff's complaint (ECF Nos. 1, 5) is dismissed without prejudice. The plaintiff may amend his complaint to try and state a viable claim. If he wishes to amend his complaint, then he must file his amended complaint by **October 7, 2016.** He must also provide a service address for the defendants. If the court does not receive the plaintiff's amended complaint by then, and the defendants' service address(es), the court will close this case.

**IT IS SO ORDERED.**

Dated: September 7, 2016

LAUREL BEELER
United States Magistrate Judge

ORDER - 3:16-cv-4693-LB